Terry F. Schaplow, P.C.
3825 Valley Commons Drive, Suite 1
Bozeman, MT 59718
Phone: (406) 587-2767
Attorney for plaintiff Roadarmel Construction Inc., Jack Roadarmel

**MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY**

| | |
|---|---|
| ROADARMEL CONSTRUCTION INC., and JACK ROADARMEL<br><br>Plaintiffs.<br>And<br><br>IL TRUCK GROUP, LLC., now known as Forge Truck Centers LLC., JOHN DOES 1-X<br>Defendants. | Cause No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Alleges:

1. Plaintiff Roadarmel Construction Inc is a Montana corporation, in good standing with principal place of business near Three Forks, Gallatin Country, Montana.
2. Plaintiff Jack Roadarmel is a citizen of Gallatin County, Montana and office holder of plaintiff Roadarmel Construction Inc. Throughout this complaint these two plaintiffs will be referred to as "plaintiff".
3. Defendant, IL Truck Group LLC., is an Illinois LLC, doing business in Montana with substantial contacts with Gallatin County, all as more specifically discussed below.

4. On information and belief, said defendant recently changed its name to Forge Truck Centers LLC. Throughout this complaint these two entities will be referred to herein as IL Truck Group or defendant.

5. Plaintiff will seek leave to amend this Complaint and Demand for Jury trial to state the true names and capacities of Does 1-x when the same have been ascertained, together with further appropriation charging allegations. Plaintiff is informed and believes and thereon legally responsible in some manner for the occurrences alleged herein and the plaintiff's damages as herein alleged may have been proximately caused by said defendant's unlawful acts and omissions. Defendants Does 1-x inclusive are natural persons, peace officers, corporations, partnerships, joint ventures, governmental entities, political subdivisions, or other legal entities that may be legally liable for Plaintiff's injuries and damages as hereafter alleged.

6. <u>GENERAL ALLIGATIONS</u>

7. Where applicable "plaintiff" and "defendant" includes employees and agents.

8. Plaintiff found the Mack truck in question on the TruckPaper.com website for IL Truck Group. Included in said website, is the following language:

"INVENTORY INSPECTION- The details are so important which is why all our trucks go through a full inspection." plaintiffs 3/14/224 letter attached Exhibit A.

9. Plaintiff also relied on the representation contained in Exhibit A. "IL Truck Group is a leading provider of top-Quality commercial trucks, trailers...", without limitations.

10. This website is available to be read in Montana. As a result, plaintiff read this language at its shop/office at 1150 Carpenter Road, Three Forks, Montana.

11. As discussed below, the Mack truck that plaintiff bought did not go through a full inspection because it had metal filings in the front differential and the right wheel seal was leaking.

A. Salesman Nessling Confirmed To Plaintiff That The Truck Was In Excellent Condition And Suitable For Its Needs

12. Before purchasing the above truck on 2/8/24, plaintiff called and talked to Clayton Nessling (salesman) and he informed plaintiff that the truck was in excellent condition and sent plaintiff additional pictures. Plaintiffs 3/14/24 letter, Exhibit B.

13. Clayton Nessling informed plaintiff that the truck had been through their shop and had been checked out with no issues. He said they had 6 or 7 techs in their shop. Plaintiff and defendant discussed the truck in detail.

14. Plaintiff had informed Clayton Nessling initially that plaintiff needed a sound truck, ready to hit the ground running with no issues. He informed plaintiff this was the right truck to do just that.

15. Plaintiff looked at other older trucks they had and decided this truck was in excellent shape based on what Clayton told plaintiff about their trucks.

16. Before plaintiff decided to buy the truck, plaintiff asked to have their shop check the gear boxes and plugs to see if the oil looked good or any metal on the magnetic plugs, and also to plug into the on-board computer to see if there were any codes. He called back and said everything looked good.

B. <u>Based on Salesmen Nessling's Assurances And The Website Assurances, Plaintiff Decided To Purchase the Truck For $149,700</u>

17. Feb. 8, 2024 – On that information plaintiff decided to purchase the truck ($149,700.00 delivered) after e-mail conversations to finalize the price, plaintiffs 3/14/24 letter attached Exhibit C, as plaintiff trusted Clayton and the company to be upstanding and honest. IL Truck Group sent plaintiff the contract to sign at plaintiff's office at 1150 Carpenter Road, Three Forks Montana 59752. Plaintiffs 3/14/24 letter attached Exhibit D.

18. Plaintiff signed the contract at plaintiff's office, 1150 Carpenter Road, Three Forks, Montana 59752. Consequently, the contract was finalized at plaintiff's office.

19. Defendant's knew that the truck would be shipped to Montana and arranged for shipping the truck to Montana.

20. Feb. 15, 2024 – The truck was hauled from Illinois to 1150 Carpenter Road, Three Forks, MT 59752 and unloaded in the plaintiff's yard, moved to plaintiff's shop, power-washed and put into the shop to do minor detailing, i.e. put the plaintiff's signs on it and look the truck over to get it ready for service. Plaintiffs 3/14/24 letter attached Exhibit E.

C. Contrary To Salesman Nestling's Assurances And The Website's Assurances, Plaintiff Found Metal Filings In The Front Differential

21. On Feb. 20, 2024 plaintiff pulled the check plugs on the transmission and back differentials, (oil was okay in transmission). Oil – a little dirty in back differentials. Front differentials had metal on the check plug and the oil had metal filings in it. There were small chunks of metal in the bottom of the differential, and the right-hand wheel seal is leaking.

22. There was an engine code on the dash. Also, plaintiff could see the plugs had not been taken out for quite some time, as there was dirt and oil residue around the plugs.

D. Sales Manager Vince Refused To Remedy The Situation And Would Not Give Plaintiff's Money Back

23. Feb. 20, 2024 – Vince, the sales manager from IL Truck Group (1-847-534-7461) called plaintiff back at plaintiff's office/shop near Three Forks Montana. Plaintiff explained what plaintiff found out with the metal in the front differential, and he told plaintiff he would not do anything about it. Plaintiff informed him that plaintiff would load the truck and send it back to IL Truck at no cost to them and get plaintiff's money back.

24. Vince would not give plaintiff his last name and said they would not take the truck back or give plaintiff's money back. As a result, because of the need for a truck, plaintiff will be forced to rent a truck or hire trucking at additional costs.

E. Tri-State Truck And Equipment Confirmed Plaintiff's Findings

25. On 2/28/24, plaintiff's local Mack/Volvo truck dealer, Tri-State Truck & Equip., a Belgrade Montana business, inspected the truck and made the following diagnosis:

"Customer brought truck in on lowboy. Drained oil from front rear differential and found metal chunks and particles in oil. Upon inspection, plaintiff noticed the right wheel seal is leaking. Informed customer of findings. Repair [diagnosis] complete."

26. See attached Tri-State diagnosis. See attached plaintiffs 3/14/24 letter Exhibit F

F. Plaintiff Has Not Used The Truck Since It Was Delivered

27. The truck has been driven less than ¼ mile since it was delivered. The 2018 CHU613 Mack is parked in plaintiff's yard at 1150 Carpenter Road, Three Forks, MT 59752 and is in a secure location.

28. Plaintiff will not be driving it, as that will damage it further. The truck has not been licensed nor any GVW bought for it.

COUNT ONE - BREACH OF CONTRACT

29. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

30. Plaintiff, on its part, fulfilled all conditions precedent and otherwise upheld all there obligation including, but not limiting to, payment of the $149,500 purchase price.

31. Defendant breached said contract in the following particular without limitation:

a. Said truck had not received a full inspection.

b. Said truck was not ready to hit the road in workable condition.

c. Said truck was not in the condition that defendant represented it to be.

32. As a result, there has been a totally failure of consideration for said contract, resulting in damages to plaintiff, both incidental and consequential. These damages included, but are not limited to, the profits that plaintiff anticipated from using the truck on various jobs, the cost to rent another truck, the cost mitigate damages, etc. Also, plaintiff could have rented said truck to third parties, but is now unable to do so.

33. Plaintiff rightfully, reasonably, and seasonable, rejected said truck and/or justifiably revoked its acceptance.

## COUNT TWO-BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

35. The contract entered into by the parties contains an implied covenant of good faith and fair dealing.

36. Defendant breached said covenant, proximately causing plaintiff damages in an amount to be proven at trial.

## COUNT THREE-RESCISSION OF CONTRACT

37. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

38. Plaintiff is entitled to rescission of the contract with the defendants for the following reasons, without limitations: mistake, fraud, failure of consideration.

39. As a result, plaintiff has been damaged and is entitled to be placed in its position prior to entering into said contract, without limitation, in addition to other damages.

<u>COUNT FOUR-NEGLIGENT MISREPERSENTATION</u>

40. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

41. The defendant and its agents made negligent and carelessness misrepresentations to the plaintiff including, but not limited to, those set forth herein and intended said representations would be relied on by plaintiff in its business discussion described herein without limitations.

42. As a direct and proximate result of the defendant's and its agents' actions, plaintiff has been damaged an amount to be proven in trial.

<u>COUNT FIVE-CONSTRUCTIVE FRAUD</u>

43. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

44. The defendant owed the plaintiff the following duties, without limitation:

a. The duty not to misrepresent any material aspect of the transactions.

b. The duty to speak the truth regarding the conditions of the truck, its expected use etc.

c. The duty to retake possession of the truck and refund plaintiffs' money after being informed by plaintiff that the truck was not as represented by defendants.

d. The duty to deal honestly with the plaintiff.

45. The defendant breached its duties owed to plaintiff by which, without an actually fraudulent intent, it gained an advantage by misleading the plaintiff to its prejudice.

46. The defendant committed such acts or omissions as the law specially declared to be fraudulent, without respect to actual fraud.

47. As a direct and proximate result of the defendant's acts, plaintiff has been damaged in an amount to be proven at trial.

<u>COUNT SIX-ACTUAL FRAUD</u>

48. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

49. The defendant made false representations to the plaintiffs which were material to the transaction. The defendant knew said representations were

false or were ignorant of the truth and the defendant intended that the plaintiff rely thereon.

50. These representations included, but not limited to the following:

   a. Defendant represented that the Mack truck in question had gone through a full inspection, which was not true.

   b. Defendant represented that the truck was in excellent condition, when it was not.

   c. Defendant represented that the truck had been through their shop and had been checked out with no issues, which was not true.

   d. Defendant represented that said truck was a sound truck ready to hit the ground running with no issues, when it was not.

   e. Defendant represented that they had checked the gear boxes and plugs to see if the oil looked good and to see if there was any metal on the magnetic plugs, defendant represented that everything looked good, when it was not satisfactory. In fact, the front differential had metal in the check plug and the oil had metal filings in it. Moreover, the plugs have not been taken out for some time.

51. The plaintiff was ignorant of the falsity of said representations and rightfully relied on said representations. As a result, plaintiff suffered

consequent and proximate injury caused by its rightful reliance on said representations.

52. As directed and proximate result of said false representations, plaintiff suffered various damages at the hands of the defendants for which they are entitled to be compensated.

COUNT SEVEN-BREACH OF THE IMPLIED WARRANTIES

53. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

54. Defendant made the following warranties regarding said truck: the implied warranty of merchantability, and a fitness for a particular purpose.

55. Defendant breached said warranties causing damage to the plaintiff in an amount to be proven at trial.

COUNT EIGHT-BREACH OF EXPRESS WARRANTIES

56. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

57. Defendant breached various express warranties that they made to plaintiff, as set forth above without limitations.

58. As a result, plaintiff has been damaged in an amount to be proven at trial.

COUNT NINE-INFLICTION OF MENTAL DISTRESS

59.Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

60. As a direct and proximate result of the defendant's negligence, defendant has inflicted mental distress, anxiety, and discomfort upon the plaintiff.

61. The defendant's actions as set forth above, without limitation, caused the plaintiff severe emotional distress and were reasonably foreseeable consequences of the defendant's negligence and intentional acts or omissions.

62. The distress inflicted by the defendant on the plaintiff was so severe that no reasonable person would be expected to endure it. The distress inflicted on the plaintiff was intense, malicious and was of such long duration that the plaintiff continues to suffer to this day.

COUNT TEN- NEGLIGENCE

63. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

64. Defendant owed various duties and obligations to the plaintiff including, but not limited to, those set forth herein.

65. Defendant breached these duties causing damages to the plaintiff in an amount to be proven in trial.

## COUNT ELEVEN-PUNITIVE DAMAGES

66. Plaintiff realleges all prior allegations of this complaint as though the same were fully sent forth herein.

67. The defendant's actions and each of them were fraudulent and malicious thereby justifying an award of punitive damages.

## NOTICE OF ADDITIONAL CLAIMS AND DEFENSES

The allegations of this complaint constitute the plaintiff's present knowledge. Discovery has not started yet. As a result of discovery being conducted, and other reasons, without limitation, plaintiff may discover additional claims and defenses that it is not aware of at this time. Therefore, plaintiff reserves the right to amend this complaint, and its prayer, pending further discovery, without limitation.

## PRAYER

Wherefore, plaintiff prays judgment against defendant as follows:

1. For incidental and consequential damages in an amount to be proven at trial
2. For all general, special and compensatory damages to make the plaintiff whole and which are otherwise recoverable and to compensate plaintiff for it inconvenience and emotional distress, in an amount to be proven at trial
3. For damages for breach of contract, if any such contract existed
4. For damages for the torts alleged herein, without limitation

5. For lost profits
6. For cost required to mitigate damages and cover damages
7. For prejudgment interest and post judgment interest
8. For attorneys fees
9. For punitive damages
10. For costs of action
11. For such other and further relief as the Court deems equitable and just

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial for all issues so triable in the above entitled matter.

Dated this 26 day of April, 2024

Terry F. Schaplow P.C

Plaintiffs' lawyer